709 So.2d 170 (1998)
David R. CONNER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03016.
District Court of Appeal of Florida, Second District.
March 27, 1998.
James Marion Moorman, Public Defender, Bartow and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
The central issue in this matter derives from the trial court's refusal to declare section 90.803(24), Florida Statutes (1995), commonly known as the Elderly Person or Disabled Adult hearsay exception, unconstitutional. Conner's claim of unconstitutionality is grounded on two notions, i.e., the exception offends the confrontation clause of the Sixth Amendment to the Constitution of the United States and its application results in the denial of due process guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 9 of the Florida Constitution. We reject each of Conner's contentions with the exception of his challenge to those conditions or portions of conditions of probation numbered (3), (6), (8), (20) and (21) imposed by the trial court without oral *171 pronouncement at sentencing; See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We strike the foregoing conditions and otherwise affirm the conviction and sentence.
The victim in this case, Mr. Ford, was an 84-year-old man who lived alone. He suffered from poor eyesight, some hearing loss, and occasional memory lapses. Conner broke into his home, tied him to a chair with his suspenders, and ransacked his house. Mr. Ford was robbed at gunpoint of money and several other items, including a telephone. The day after the incident he provided a statement to the police; he gave another statement about two weeks later. Conner was eventually apprehended by the police after information was received from a confidential informant. He was charged with armed burglary of a dwelling, armed robbery, and armed kidnapping.
Mr. Ford died before Conner's trial. At least ten days prior to trial, the State provided Conner with a notice of its intention to use Mr. Ford's statements at trial in accordance with section 90.803(24). Conner challenged the statute.[1] The court found that the statute did not violate Conner's rights of confrontation or due process under either the United States or Florida constitutions, Conner pleaded nolo contendere, specifically preserving the right to appeal the constitutional issues.
Section 825.101(6), Florida Statutes (1995), defines an "elderly person" as "a person sixty years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunction, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired." Like children, the elderly victims are particularly vulnerable because of the conditions enumerated in the statute. The hearsay exception is designed to insure that elderly victims will not suffer injustice at the hands of the legal system because their age-related infirmities render them unavailable to testify. Conner's argument, however, is that those very infirmities render the elderly unreliable and untrustworthy as witnesses and, hence, incompetent to testify. Thus, Conner contends that allowing the admission of the hearsay statements violates his right to confrontation and forecloses witnesses who might offer opposing evidence.
Subjecting section 90.803(24) to the same analysis as the child victim hearsay exception of section 90.803(23), which it closely tracks, *172 reveals that it, too, will pass the test of constitutionality. It was emphasized in State v. Townsend, 635 So.2d 949 (Fla.1994), that the reliability safeguards in the statute essentially assure its constitutionality. The Townsend court repeated its holding in Perez v. State, 536 So.2d 206 (Fla.1988), that the "specific reliability requirements in section 90.803(23) provided sufficient safeguards of reliability to meet the `particularized guarantees of trustworthiness' standard set forth in Roberts." 635 So.2d at 954 (referring to Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). Furthermore, to assure that a defendant is not convicted solely on the basis of hearsay statements of an unavailable witness, the statute provides that, after determining that the hearsay statement is reliable and originates from a trustworthy source, the trial court must then find that other evidence corroborates the statement. If either element is missing, the statement is not admissible. Once the foregoing conditions are satisfied, the "procedural requisites of section 90.803(23) are sufficient to meet the constitutional concerns of the federal and Florida Constitutions." Townsend, 635 So.2d at 957.
Conner's contention that an elderly person is per se incompetent to testify is simply not borne out by either the pertinent statute or common sense. Section 825.101(6) refers to impairment of an elderly person's ability to protect himself or to care for herself. Those limitations have nothing to do with the victim's ability to provide a reliable statement. Furthermore, to the extent that the infirmities of age  loss of sight, hearing, memory, or other abilities  adversely affect the elderly person's ability to discern what happened or to describe the events, those issues can be explored when the trial court receives evidence on the "time, content, and circumstances" of the statement associated with its reliability.
We cannot rule on the statute's constitutionality as applied because the trial court did not make full findings. It did find, however, that the victim met the definition of "elderly person" by virtue of advanced age and other infirmities and that the victim was "unavailable" because of death prior to trial. The trial court also determined that there was other corroborating evidence to support the victim's statement, such as the condition of the house after the incident and the recovery of the telephone taken from his home. Nevertheless, the police officers to whom the victim made his statements were not present at these hearings, and thus the trial court held that the State would be required to demonstrate that the "time, content, and circumstances" of the statements insured their reliability before the hearsay could be admitted.
In sum, Conner has not pointed to any grave deficiencies in section 90.803(24) or its application that would cause this court to be concerned with constitutional questions; we affirm that aspect of the case.
Conviction affirmed; certain probation conditions stricken.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] (24) HEARSAY EXCEPTION; STATEMENT OF ELDERLY PERSON OR DISABLED ADULT. 

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by an elderly person or disabled adult, as defined in s. 825.101, describing any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any other violent act on the declarant elderly person or disabled adult, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the elderly person or disabled adult, the nature and duration of the abuse or offense, the relationship of the victim to the offender, the reliability of the assertion, the reliability of the elderly person or disabled adult, and any other factor deemed appropriate; and
2. The elderly person or disabled adult either:
a. Testifies; or
b. Is unavailable as a witness provided that there is corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the elderly person's or disabled adult's participation in the trial or proceeding would result in a substantial likelihood of severe emotional, mental, or physical harm, in addition to findings pursuant to s.90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before the trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the elderly person's or disabled adult's statement, the time at which the statement was made, the circumstances surrounding the statement, which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.