748 So.2d 950 (1999)
David R. CONNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 92,835.
Supreme Court of Florida.
September 16, 1999.
Rehearing Denied January 27, 2000.
*952 James Marion Moorman, Public Defender, Richard P. Albertine, Jr., Clearwater, Florida, and Diane Buerger, Bartow, Florida, Assistant Public Defenders, Tenth Judicial Circuit, Clearwater, Florida, for petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Susan D. Dunlevy, Assistant Attorney General, Tampa, Florida, for respondent.
PARIENTE, J.
We have for review Conner v. State, 709 So.2d 170 (Fla. 2d DCA 1998), which expressly declares constitutional the hearsay exception for elderly persons or disabled adults, section 90.803(24), Florida Statutes (1995). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The State charged Conner with armed burglary of a dwelling, armed robbery, and armed kidnaping. The victim, Mr. Ford, was an 84-year-old man who lived alone. Mr. Ford suffered from poor eyesight, some hearing loss, and occasional memory lapses. A few hours after the incident, Mr. Ford provided an initial statement to the police and then two weeks later provided a sworn statement to the police.
Mr. Ford died approximately three months after the crime and two months after the State filed an information against Conner. Despite Mr. Ford's advanced age, the State did not attempt to perpetuate Mr. Ford's testimony pursuant to Florida Rule of Criminal Procedure 3.190(j) prior to his death. Before trial, however, the State provided Conner with notice that it intended to introduce as evidence the hearsay statements Mr. Ford made to the *953 police pursuant to section 90.803(24),[1] pertaining to hearsay statements of elderly adults.
At a pretrial hearing, Conner attacked the elderly person hearsay exception as facially violative of Conner's right to confront witnesses and to due process under the Florida and United States Constitutions. See U.S. Const. Amends. V, VI; art. I, §§ 9, 16, Fla. Const. The trial court denied the motion and found that Mr. Ford met the definition of "elderly person" found in section 825.101(6),[2] Florida Statutes (1995), and that evidence corroborated his statements. Because the police officers were not available to testify at the hearing, the trial court ruled that before admitting the statements at trial the State would have to establish that the circumstances surrounding the statements guaranteed their reliability. Conner then pleaded nolo contendere, specifically preserving the right to appeal the issue of the constitutionality of the elderly hearsay exception. *954 The parties stipulated that this issue was dispositive as to the armed kidnaping and armed robbery counts.[3]
On appeal, the Second District noted that the hearsay exception for elderly adults closely tracked the language of the hearsay exception for child victims of abuse or neglect, section 90.803(23), Florida Statutes (1995).[4]See Conner, 709 So.2d at 171-72. Using the same analysis applied by this Court in State v. Townsend, 635 So.2d 949, 956-58 (Fla.1994), and Perez v. State, 536 So.2d 206, 207-10 (Fla. 1988), to uphold the constitutionality of the hearsay exception for child victims of abuse or neglect, the Second District found the elderly hearsay exception to be facially constitutional. See Conner, 709 So.2d at 171-72. The district court stated that it could not rule on the constitutionality of the hearsay exception as applied, because the trial court had yet made full findings concerning the admissibility of the hearsay. Id. at 172.

CONFRONTATION CLAUSE ANALYSIS
The issue in this case is whether subsection 90.803(24) violates the defendant's constitutional right of confrontation. We conclude that it does. The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." This right to confrontation is applicable to the states though the Fourteenth Amendment, see Idaho v. Wright, 497 U.S. 805, 813, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and is echoed in article I, section 16(a) of the Florida Constitution, which states: "In all criminal prosecutions the accused ... shall have the right ... to confront at trial adverse witnesses...."
The defendant's right to confront witnesses has long been identified as among the minimum essentials of a fair *955 trial. See Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). We have previously observed that the right of confrontation "has been a cornerstone of Western society for a number of centuries." Harrell v. State, 709 So.2d 1364, 1367 (Fla.1998) (citing Coy v. Iowa, 487 U.S. 1012, 1015-16, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988)), cert. denied, 525 U.S. 903, 119 S.Ct. 236, 142 L.Ed.2d 194 (1998). Over one hundred years ago, the United States Supreme Court explained that:
The primary object of the [Confrontation Clause] was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.
Mattox v. United States, 156 U.S. 237, 242-43, 15 S.Ct. 337, 39 L.Ed. 409 (1895).
Affording defendants a right to confront their accusers thus acts as a safeguard of the reliability of criminal proceedings. See Maryland v. Craig, 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Through confrontation and cross-examination, defendants have the means of testing the accuracy of witnesses' testimony. See California v. Green, 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In fact, the right of confrontation serves a threefold purpose because it:
(1) insures that the witness will give his statements under oaththus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the "greatest legal engine ever invented for the discovery of truth"; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.
Id. (footnote omitted). In Harrell, we recently affirmed these important aspects of the constitutional right of confrontation. 709 So.2d at 1368.
The denial of confrontation "calls into question the ultimate `integrity of the fact-finding process.'" Ohio v. Roberts, 448 U.S. 56, 64, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (quoting Chambers, 410 U.S. at 295, 93 S.Ct. 1038). As stated in Chambers:
The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation and helps assure the "accuracy of the truth-determining process." It is indeed, "an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." Of course, the right to confront and cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. But its denial or significant diminution calls into question the ultimate "`integrity of the fact-finding process'" and requires that the competing interest be closely examined.
410 U.S. at 295, 93 S.Ct. 1038 (emphasis supplied) (citations omitted).
We have repeatedly recognized the critical importance of a defendant's "constitutional right to confront and cross-examine witnesses against him." Brown v. State, 471 So.2d 6, 7 (Fla.1985). Accordingly, we have even found that the State's failure to comply with the requirement to notify the defendant before taking a deposition to perpetuate testimony pursuant to rule 3.190(j) constituted fundamental error. See id.; Brown v. State, 721 So.2d 814 (Fla. 4th DCA 1998); see also State v. *956 Clark, 614 So.2d 453 (Fla.1992) (finding a Confrontation Clause violation constituted harmful error where a discovery deposition taken outside the presence of the defendant was admitted as substantive evidence).
The United States Supreme Court has rejected a literal interpretation of the Confrontation Clause, which would prevent any hearsay testimony from being introduced in a criminal trial. See, e.g.,Wright, 497 U.S. at 813-14, 110 S.Ct. 3139; Roberts, 448 U.S. at 63-65, 100 S.Ct. 2531. Instead, the Court "has recognized that competing interests, if `closely examined,' may warrant dispensing with confrontation at trial." Roberts, 448 U.S. at 64, 100 S.Ct. 2531 (quoting Chambers, 410 U.S. at 295, 93 S.Ct. 1038). This is because "general rules of law of this kind ... must occasionally give way to considerations of public policy and the necessities of the case." Roberts, 448 U.S. at 64, 100 S.Ct. 2531 (quoting Mattox, 156 U.S. at 243, 15 S.Ct. 337).
However, an essential requirement for the admissibility of hearsay under the Confrontation Clause is that it bears such "indicia of reliability" that "adversarial testing would add little to its reliability."[5]Wright, 497 U.S. at 821, 110 S.Ct. 3139; see Roberts, 448 U.S. at 65, 100 S.Ct. 2531. If, on the other hand, hearsay is admitted under a "firmly rooted" exception, then "[r]eliability can be inferred without more." Roberts, 448 U.S. at 66, 100 S.Ct. 2531.
"Firmly rooted" hearsay exceptions include exceptions such as excited utterances, dying declarations, and statements made to obtain a medical diagnosis. See White v. Illinois, 502 U.S. 346, 354-56, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). The United States Supreme Court has reasoned that these "firmly rooted" exceptions have existed for centuries and are recognized by the vast majority of jurisdictions. See id. at 355 n. 8, 112 S.Ct. 736. "[T]he Framers of the Sixth Amendment `obviously intended to ... respec[t]' certain unquestionable rules of evidence in drafting the Confrontation Clause." Lilly v. Virginia, 527 U.S. 116, ___, 119 S.Ct. 1887, 1894, 144 L.Ed.2d 117 (1999) (quoting Mattox, 156 U.S. at 243, 15 S.Ct. 337) (alteration in original).
In contrast, a hearsay statement that is not "firmly rooted" is "presumptively unreliable and inadmissible for Confrontation Clause purposes." Wright, 497 U.S. at 818, 110 S.Ct. 3139 (quoting Lee v. Illinois, 476 U.S. 530, 543, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986)) (emphasis supplied). "[U]nless an affirmative reason, arising from the circumstances in which the statement was made, provides a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires exclusion of the out-of-court statement." Id. at 821, 110 S.Ct. 3139 (emphasis supplied).

STATUTORY HEARSAY EXCEPTION
With this constitutional framework in mind, we analyze whether the hearsay exception for elderly adults is facially violative of the Confrontation Clause. It is uncontroverted that but for the recently passed statute, section 90.903(24), a narrative statement by any victim of a crime to a police officer not falling into any traditional hearsay exception would be inadmissible hearsay. See Chariot v. State, 679 So.2d 844, 845 (Fla. 4th DCA 1996). The victim's initial statement in this case was *957 not made under oath. Neither of the victim's statements was ever subjected to cross-examination and neither statement falls within any traditional hearsay exception, such as an excited utterance. See id. Thus, the newly enacted elderly hearsay statute is the only basis for admissibility of the victim's hearsay statement.
The elderly hearsay exception is not firmly rooted because the Legislature enacted the exception in 1995. See ch. 95-158, § 1, at 1588-89, Laws of Fla. (codified at § 90.803(24)). In addition, no other state has a similar exception.[6] Therefore, hearsay admitted under section 90.803(24) is "presumptively unreliable." Wright, 497 U.S. at 818, 110 S.Ct. 3139. In order to meet the constitutional requirements of the Confrontation Clause when the State seeks to admit hearsay evidence under an exception that is not firmly rooted, the State must show that the hearsay testimony is reliable because it has "particularized guarantees of trustworthiness." Roberts, 448 U.S. at 66, 100 S.Ct. 2531. Such evidence must thus be "so trustworthy that adversarial testing would add little to its reliability." Wright, 497 U.S. at 821, 110 S.Ct. 3139 (emphasis supplied).
Because the Second District in Conner relied on this Court's approval of the child hearsay exception, we examine our analysis of the child hearsay statute that we have upheld against a Confrontation Clause challenge. See Townsend, 635 So.2d at 956-58; Perez, 536 So.2d at 209. In Townsend, this Court upheld the constitutionality of the child hearsay exception, section 90.803(23), in the context of a prosecution for sexual battery on the defendant's two-year old daughter. The State and defendant stipulated that the child was incompetent to testify due to her age[7] so that, but for the hearsay exception, the child's statements would have been excluded.
We found that, as applied to child victims of abuse "with a physical, mental, emotional, or developmental age of 11 or less," section 90.803(23)(a), the child hearsay exception was constitutional as long as trial courts found, before admitting statements under this exception, that particularized guarantees of trustworthiness ensured the reliability of the statements. See Townsend, 635 So.2d at 956-58. In making this reliability determination, the court must examine the "totality of the circumstances" surrounding the making of the statement "that render the declarant particularly worthy of belief." Wright, 497 U.S. at 819, 110 S.Ct. 3139. The court cannot consider whether other evidence corroborates the hearsay when making this initial determination of reliability. See Townsend, 635 So.2d at 956.
The statute pertaining to the child hearsay exception requires courts to consider the following factors in determining the reliability of the statement:
[T]he mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate.
§ 90.803(23)(a)(1). In Townsend, in an effort to ensure the reliability of any statement *958 that would be admissible, we set forth additional factors that may be considered by the court including
the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.
635 So.2d at 958. These factors are tailored to the child abuse context and in this limited situation can guarantee the reliability of the child victim's hearsay statement.
Although the Second District relied heavily on the fact that the statutory language of the hearsay exception tracks the hearsay exception for statements by child victims of abuse or neglect, the elderly person hearsay exception is much broader than the child hearsay exception. There are some very significant differences between these exceptions that are critical to our analysis.
The most obvious difference between the hearsay exceptions in section 90.803(23) and (24) is that the exceptions apply to different victim declarants. While the hearsay exception for child declarants applies only to statements made by children "with a physical, mental, emotional, or developmental age of 11 or less," section 90.803(23)(a), the hearsay exception for elderly adults applies to a much broader class of adult declarants. In fact, any adult over the age of sixty potentially qualifies as an "elderly person" under this definition.
Another critical difference is the scope of the testimony admissible under the hearsay exceptions. While the child hearsay exception is limited to statements describing acts of child abuse, child neglect or sexual abuse, see section 90.803(23)(a), the hearsay statements of the elderly adult declarants may describe "any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any other violent act," committed against them. § 90.803(24)(a). Thus, the elderly hearsay exception would be broadly applicable to a wide variety of crimes and is not restricted to the elder abuse context.
Despite these differences between the two hearsay exceptions, the elderly adult hearsay exception contains a list of factors to be considered when assessing the reliability of the hearsay statement that tracks the language of the child hearsay exception. The court
may consider the mental and physical age and maturity of the elderly person or disabled adult, the nature and duration of the abuse or offense, the relationship of the victim to the offender, the reliability of the assertion, the reliability of the elderly person or disabled adult, and any other factor deemed appropriate.
§ 90.803(24)(a)1. However, unlike the child hearsay context, these factors do not guarantee the reliability of a statement when applied to an elderly adult.
In addition to listing certain statutory factors to be considered when assessing reliability, section 90.803(24) states that the court can consider "any other factor deemed appropriate." In the child hearsay context, we formulated a permissive list of additional factors that would assist the courts in determining the reliability of child hearsay statements. See Townsend, 635 So.2d at 957-58. However, unlike the child hearsay context, we are unable to formulate a list of permissible considerations *959 that would ensure the reliability of a hearsay statement made by an elderly adult to the extent that "adversarial testing would add little to its reliability." See Wright, 497 U.S. at 818, 110 S.Ct. 3139. The circumstances that might necessitate the use of the statementsuch as the mental infirmity or physical infirmity of the elderly personwould be the very circumstances that would render the statement less reliable. In this context, adversarial testing would significantly add to the reliability of the trial.
In addition to the fact that the statutory factors in the elderly adult hearsay exception fail to ensure the reliability of the hearsay statement, the reach of the statute is far broader than the child hearsay exception. The United States Supreme Court in Ohio v. Roberts stated that though competing societal interests may justify the admission of hearsay evidence, those interests must be "closely examined." 448 U.S. at 64, 100 S.Ct. 2531. We find that the policies that supported upholding the narrowly drawn child abuse hearsay exception are not present in the elderly adult context.
Young child victims may be incompetent to testify and be cross-examined, as was the two-year-old child in Townsend, due to the inability to understand the abstract concept of taking an oath. Further, we have previously observed that the Legislature enacted the child hearsay exception in "response to the need to establish special protections for child victims in the judicial system." State v. Jones, 625 So.2d 821, 825 (Fla.1993). For example, in the child abuse context, we have recognized the importance of the State's interest and public consideration of "sparing child victims of sexual crimes the further trauma of in-court testimony." Harrell, 709 So.2d at 1369 (quoting Glendening v. State, 536 So.2d 212, 217 (Fla.1988)).[8]
The Supreme Court of Arizona reasoned, in the case of a child victim of abuse:
A young child's spontaneous statements about so unusual a personal experience, made soon after the event, are at least as reliable as the child's in-court testimony, given months later, after innumerable interviews and interrogations may have distorted the child's memory.
State v. Robinson, 153 Ariz. 191, 735 P.2d 801, 814 (1987). In the context of a dependency case, we noted the observations of commentators that:
[T]he "victim's out-of-court statements may, in fact, be more trustworthy than his or her in-court testimony" due to the stress and trauma of rehashing bad memories, hostile attacks on the child's credibility, facing the alleged perpetrator again, and testifying against a close relative. In this situation, "children, if they reply at all, often give confused and inaccurate answers ... are susceptible to leading questions and often tailor their replies to appease the examining attorney."
Department of Health & Rehab. Servs. v. M.B., 701 So.2d 1155, 1158 n. 4 (Fla.1997) (citations omitted) (quoting Judy Yun, A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases, 83 Colum.L.Rev. 1745, 1751 (1983)).[9]
In contrast to the child abuse context, section 90.803(24) broadly applies to statements describing a wide range of crimes not necessarily unique to adults over the *960 age of sixty.[10] Because the hearsay exception for elderly adults neither ensures the reliability of the hearsay statements admitted at trial, nor in its broadly worded form is supported by the competing policy interests present in the child abuse context, we conclude that section 90.803(24) is facially violative of the defendant's constitutional right to confrontation.
While we as a court condemn in the strongest terms acts of exploitation or violence committed against persons who are elderly, any state interest in prosecuting crimes against the elderly cannot constitutionally justify the abrogation of a defendant's most basic constitutional right. If the need to prosecute crimes constituted a sufficient interest to justify the admission of the hearsay statements of witnesses and victims, the state and federal constitutional rights of confrontation would be substantially eviscerated.
For the reasons explained in this opinion, we hold that the hearsay exception for elderly adults in criminal cases is unconstitutional.[11] We quash the Second District's decision in Conner, and remand to the district court for proceedings consistent with this opinion.
It is so ordered.
HARDING, C.J., SHAW, ANSTEAD and LEWIS, JJ., and OVERTON, Senior Justice, concur.
WELLS, J., concurs in result only.
NOTES
[1] This hearsay exception provides that:

[T]he following are not inadmissible as evidence, even though the declarant is available as a witness:
. . . .
(24) HEARSAY EXCEPTION; STATEMENT OF ELDERLY PERSON OR DISABLED ADULT.
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by an elderly person or disabled adult, as defined in s. 825.101, describing any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any other violent act on the declarant elderly person or disabled adult, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the elderly person or disabled adult, the nature and duration of the abuse or offense, the relationship of the victim to the offender, the reliability of the assertion, the reliability of the elderly person or disabled adult, and any other factor deemed appropriate; and
2. The elderly person or disabled adult either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the elderly person's or disabled adult's participation in the trial or proceeding would result in a substantial likelihood of severe emotional, mental, or physical harm, in addition to findings pursuant to § 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before the trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the elderly person's or disabled adult's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
§ 90.803(24), Fla.Stat. (1995).
[2] The Legislature defines "elderly person" and "disabled adult" in section 825.101, Florida Statutes (1995):

(5) "Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability or organic brain damage or mental illness or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.
(6) "Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.
§ 825.101(5)-(6), Fla.Stat. (1995) (emphasis supplied). These definitions are now found in sections 825.101(4) and (5), Florida Statutes (1997). Since section 90.803(24)(c) requires the trial court to make specific findings of fact as to the basis of its ruling, the trial court must find that the declarant qualifies as an "elderly person" under section 825.101 before admitting the hearsay statement.
[3] The State did not stipulate that the constitutionality of the hearsay exception was dispositive as to the armed burglary count. Thus, that conviction is not affected by this decision.
[4] Section 90.803(23), Florida Statutes (1995), provides:

(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM.
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to § 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
(Emphasis supplied.)
[5] In Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the United States Supreme Court also stated that the Confrontation Clause required the State to establish the unavailability of any hearsay declarants who did not testify at trial. It appears that the United States Supreme Court may have limited the unavailability requirement in subsequent cases. See White v. Illinois, 502 U.S. 346, 354, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). However, we do not have to determine the parameters of the unavailability requirement in this case. The State unquestionably established the unavailability of the declarant, as Mr. Ford died prior to trial.
[6] Illinois recently enacted a narrowly worded statute that creates a hearsay exception for "prosecution of a physical or sexual act perpetrated upon ... a person who was an institutionalized severely or profoundly mentally retarded person." Ill.Comp.Stat. 5/115-10 (West 1999).
[7] Section 90.603, Florida Statutes (1997), governing the disqualification of witnesses provides:

A person is disqualified to testify as a witness when the court determines that the person is:
(1) Incapable of expressing himself or herself concerning the matter in such a manner as to be understood, either directly or through interpretation by one who can understand him or her.
(2) Incapable of understanding the duty of a witness to tell the truth.
[8] Under section 90.803(23), a child declarant will be considered unavailable to testify if the trial court finds that "the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm." § 90.803(23)(1)2.b. The elderly hearsay exception includes an even broader unavailability requirement, including a finding that testimony would result in "severe emotional, mental or physical harm." § 90.803(24)(a)2.b. (emphasis supplied).
[9] In that opinion, we also noted the "ongoing debate about the reliability of children's out-of-court statements about sexual abuse ." Department of Health & Rehab. Servs. v. M.B., 701 So.2d 1155, 1158 n. 4 (Fla.1997).
[10] This statute can also be contrasted to the residual hearsay exception found in the Federal Rules of Evidence, which requires that the hearsay evidence be more probative than any other available evidence. See Fed.R.Evid. 807.
[11] We decline to reach the constitutionality of this statute as it applies to disabled adults or as it applies generally to civil cases because these issues are not squarely presented in this case.