753 So.2d 644 (2000)
STATE of Florida, Petitioner,
v.
Freddy FRAZIER, Respondent.
No. 5D99-3181.
District Court of Appeal of Florida, Fifth District.
March 3, 2000.
*645 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Petitioner.
Jeffrey D. Deen of Deen & Laurence, Altamonte Springs, for Respondent.
THOMPSON, J.
The state seeks certiorari review of an order excluding the hearsay statements of an unavailable witness, Deborah Teal. Teal, the victim of an aggravated battery, gave oral and written statements that the defendant struck her and broke her jaw. The excluded oral statements were part of Teal's 911 emergency call to the police and part of the medical history Teal gave to an emergency room physician who treated her injuries. Teal is homeless and cannot now be located by the state or the defense. We grant, in part, the petition for writ of certiorari.
Teal and Freddy Lee Frazier lived together and had a child who was 17 years old. One evening, Frazier came home, and according to Teal, started hitting her for no apparent reason. She went next door to a neighbor's home and called 911 to report the crime. During the call, she identified Frazier as her assailant. The police arrived and took a written signed statement from her in which she again identified Frazier as her assailant. Teal was taken to the Orlando Regional Hospital where she was treated for her injuries, and where she told the treating physician that Frazier was her assailant.
Frazier was charged with aggravated battery and the case was set for trial. During discovery, Frazier's attorney was unable to locate and serve Teal with discovery subpoenas. It appears that Teal was homeless and moved frequently; the state had no knowledge of her whereabouts. In a pre-trial ore tenus motion in limine, Frazier sought to exclude "any testimony that [Teal gave] ... on the grounds that we can't confront her." The state argued that the statements were reliable excited utterances[1], that were admissible as exceptions to the hearsay rule.
*646 The trial court granted the motion, excluding evidence of the 911 tape and the statement to the physician.[2] The trial court ruled that the statement "to the physician does not qualify as one made for medical diagnosis or treatment," and was therefore inadmissible. Further, the trial court ruled that the 911 tape "may qualify as an excited utterance" but ruled it inadmissible because, since there was no "underlying or additional corroborative evidence," it violated Frazier's constitutional right of confrontation.
The state asserts that the rulings fail to follow established principles of law and should be quashed. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Davis v. Department of Highway Safety and Motor Vehicles, 660 So.2d 775 (Fla. 1st DCA 1995). Certiorari is the appropriate remedy to review this pre-trial order. The state must establish a violation of a clearly established principle of law, resulting in a miscarriage of justice. State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Bradford, 658 So.2d 572 (Fla. 5th DCA 1995).
First, we agree with the trial court that Teal's statement to the physician identifying her assailant is not excepted from the hearsay rule because it was not given for purposes of diagnosis or treatment. See § 90.803(4), Fla. Stat. The rationale of the exception is that a patient will be truthful when speaking with a physician about his or her symptoms in order to be properly treated. Thus, statements made concerning the injury have a high degree of reliability if they were given for the purpose of diagnosis and treatment. State v. Ochoa, 576 So.2d 854 (Fla. 3d DCA 1991). In this case, the statements concerning the identity of her assailant were not necessary for diagnosis or treatment.
As to the statements on the 911 tape, we disagree with the trial court's ruling. The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with witnesses against him...." This right to confrontation is applicable to the states through the Fourteenth Amendment, see Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and is specifically provided for in article I, section 16(a) of the Florida Constitution. Where a witness is unavailable, hearsay may be admissible without violating the Confrontation Clause if the evidence bears "such indicia of reliability that adversarial testing would add little to its reliability." Conner v. State, 748 So.2d 950 (Fla.1999). Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. 748 So.2d at 956. A spontaneous declaration or excited utterance has been held to be a "firmly rooted" hearsay exception. See White v. Illinois, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992);[3]Conner.
The statements on the 911 tape are not inadmissible as violative of the defendant's right to confrontation. Such hearsay evidence is firmly rooted in the common law and its reliability can be inferred. The trial court did not find the statements on the 911 tape to be excited utterances but ruled that they may be. On remand, if the trial court finds the statements on the 911 tape to be hearsay, but qualify as excited utterances, the statements are admissible. On the other hand, if the trial court determines the statements are not excited utterances or admissible on some other ground, they can be excluded as *647 hearsay. But see Williams v. State, 714 So.2d 462 (Fla. 3d DCA 1997) (holding 911 tape identifying boyfriend as assailant admissible as an excited utterance), rev. denied, 717 So.2d 542 (Fla.1998).
Petition for Writ of Certiorari GRANTED and order QUASHED to the extent that the order excludes 911 tape evidence.
PETERSON, and GRIFFIN, JJ., concur.
NOTES
[1] § 90.803(2), Fla. Stat. (1999) Excited Utterance. A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
[2] Although Frazier's motion appears to include statements overheard by the neighbor at the time she made the 911 call, the trial court did not address these statements in its order.
[3] In White the court held that the victim's spontaneous hearsay statement was admissible notwithstanding the lack of a showing that the victim was unavailable. See also People v. Cepeda, 69 F.3d 369 (9th Cir.1995) (unavailability of declarant not prerequisite to admissibility of hearsay statement falling within excited utterance hearsay exception).