835 So.2d 1202 (2003)
STATE of Florida, Petitioner,
v.
Brunel HOSTY, Respondent.
No. 4D02-3457.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Rehearing Denied February 17, 2003.
*1203 Richard E. Doran, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for petitioner.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for respondent.
GROSS, J.
This is a petition for writ of certiorari filed by the state challenging an order by the circuit court which granted the respondent's motion to strike the state's notice given under section 90.803(24)(b), Florida Statutes (2001), and which declared the statute unconstitutional as it concerns disabled adults. We deny the petition.
In the proceedings below, respondent, Brunel Hosty, was charged with sexual battery on a person who was mentally defective, in violation of section 794.011(4)(e), Florida Statutes (2001). Although the victim was twenty-three at the time of the offense, the state contended that she had the mental capacity of a ten-year-old. The state filed the notice of intent to use the victim's hearsay statements to her teachers and law enforcement officers pursuant to the disabled adult hearsay exception contained at section 90.803(24).
Hosty moved to strike the notice, arguing that section 90.803(24) was facially unconstitutional, in light of Conner v. State, 748 So.2d 950 (Fla.1999), cert. denied, 530 U.S. 1262, 120 S.Ct. 2719, 147 L.Ed.2d 984 (2000). Following Conner, the circuit court granted the motion to strike and declared section 90.803(24) to be unconstitutional as it applied to disabled adults.
Section 90.803 provides, in pertinent part:
The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
. . .
(24) HEARSAY EXCEPTION; STATEMENT OF ELDERLY PERSON OR DISABLED ADULT.
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by an elderly person or disabled adult, as defined in s. 825.101, describing any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any other violent act on the declarant elderly person or disabled adult, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the elderly person or disabled adult, the nature and duration of the abuse or offense, the relationship of the victim to the offender, the reliability of the assertion, the reliability of the elderly person or disabled adult, and *1204 any other factor deemed appropriate; and
2. The elderly person or disabled adult either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the elderly person's or disabled adult's participation in the trial or proceeding would result in a substantial likelihood of severe emotional, mental, or physical harm, in addition to findings pursuant to s. 90.804(1).
Section 825.101(4), Florida Statutes (2001) defines "[d]isabled adult" as:
[A] person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.
In Conner, the supreme court ruled that section 90.803(24) was facially unconstitutional for violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution, insofar as the statute created a hearsay exception for elderly adults. The court distinguished section 90.803(24) from section 90.803(23), Florida Statutes (1995), the child victim hearsay exception, that it had upheld against constitutional attack in State v. Townsend, 635 So.2d 949 (Fla.1994). The court expressly declined to reach the constitutionality of section 90.803(24) "as it applies to disabled adults," since that issue was not "squarely presented" in that case. Conner, 748 So.2d at 960 n. 11.
We agree with the trial judge that the section 90.803(24) provision for disabled adults suffers from the same constitutional shortcomings identified by the supreme court in Conner with respect to the elderly person exception to the hearsay rule.
First, the exception applies to a "broad class" of adult declarants. Conner, 748 So.2d at 958. Section 825.101(4) includes in the definition of "disabled adult" any person over 18 "who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living." This class is broader than the class of declarants under section 90.803(23) that the court approved in Townsendchildren "with a physical, mental, emotional, or developmental age of 11 or less."
Second, as in Conner, the scope of the testimony admissible under the exception may apply to "any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any violent act on the declarant ... disabled adult." § 90.803(24)(a). As in Conner, the disabled "hearsay exception would be broadly applicable to a wide variety of crimes and is not restricted to the [disabled] abuse context." 748 So.2d at 958.
Third, the factors set forth in section 90.803(24)(a)1. for the court to consider when assessing the reliability of the hearsay statement "do not guarantee the reliability of a statement when applied" to a disabled adult. Conner, 748 So.2d at 958. Part of the problem comes from the breadth of the definition of "disabled adult." A nuclear physicist confined to a wheelchair is very different from a person with organic brain damage. The "circumstances that might necessitate the use of the statement," such as the mental or physical disability of the declarant, might "be the very circumstances that would render the statement less reliable." Id. at 959. In this context, we do not believe that a court can "formulate a list of permissible considerations that would ensure *1205 the reliability of a hearsay statement made by [a disabled adult] to the extent that `adversarial testing would add little to its reliability.'" Id. at 958-59 (quoting Idaho v. Wright, 497 U.S. 805, 818, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)).
Fourth, "the policies that supported upholding the narrowly drawn child abuse hearsay exception are not present in the [broadly defined, disabled] adult context." Conner, 748 So.2d at 959. The supreme court's conclusion is equally applicable here:
Because the hearsay exception for elderly adults neither ensures the reliability of the hearsay statements admitted at trial, nor in its broadly worded form is supported by the competing policy interests present in the child abuse context, we conclude that section 90.803(24) is facially violative of the defendant's constitutional right to confrontation.
Id. at 960.
The state argues that the trial court departed from the essential requirements of law in denying the state an opportunity to lay a proper factual basis in this case. However, there was no need to establish a factual basis for the application of the statute in this case, since the challenge to the statute was that it was facially unconstitutional. Contrary to the state's contention, Conner was decided on the claim that the statute was facially violative of a constitutional right, not on the facts of that case.
We certify as a question of great public importance the question left open by the supreme court in Conner:
AS IT APPLIES TO A DISABLED ADULT, IS SECTION 90.803(24), FLORIDA STATUTES (2001) VIOLATIVE OF A CRIMINAL DEFENDANT'S RIGHT TO CONFRONT WITNESSES UNDER THE FLORIDA AND UNITED STATES CONSTITUTIONS?
The petition for writ of certiorari is denied.
TAYLOR and MAY, JJ., concur.