842 So.2d 291 (2003)
The STATE of Florida, Petitioner,
v.
Daniel BROCCA, Respondent.
No. 3D02-2652.
District Court of Appeal of Florida, Third District.
April 16, 2003.
Charles J. Crist, Jr., Attorney General, and Frank J. Ingrassia, Assistant Attorney General (Fort Lauderdale), for Petitioner.
Richard G. Dunberg, South Miami, for Respondent.
Before COPE, GERSTEN, and FLETCHER, JJ.
PER CURIAM.
We affirm the trial court's finding that Section 90.803(24), Florida Statutes (2001), is unconstitutional. We agree with the trial court's reasoning, which mirrored the reasoning in the Florida Supreme Court case of Conner v. State, 748 So.2d 950 (Fla.1999).
In concurrence with the Fourth District Court of Appeal's recent opinion in State v. Hosty, 835 So.2d 1202 (Fla. 4th DCA 2003), we certify the following to the Florida Supreme Court as a question of great public importance:
IS SECTION 90.803(24), FLORIDA STATUTES (2001), AS APPLIED TO DISABLED ADULTS, FACIALLY VIOLATIVE OF A CRIMINAL DEFENDANT'S RIGHT TO CONFRONT WITNESSES UNDER BOTH THE UNITED STATES AND FLORIDA CONSTITUTIONS?
Petition for certiorari denied; question certified.
GERSTEN and FLETCHER, JJ., concur.
COPE, J., dissenting.
First, under controlling precedent of the United States Supreme Court, the hearsay exception for disabled adults, § 90.803(24), Fla. Stat. (2002), is clearly constitutional; it does not violate the Confrontation Clause. Idaho v. Wright, 497 U.S. 805, *292 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The same conclusionthat the statute is constitutionalfollows from Conner v. State, 748 So.2d 950 (Fla.1999).
Second, the majority opinion is also in conflict with Felder v. State, 767 So.2d 1267 (Fla. 3d DCA 2000), as relates to a hearsay declarant who testifies in court.

I.
The State has charged defendant-respondent Daniel Brocca with two counts of sexual battery on a mentally defective person over the age of twelve years. See § 794.011(4)(e), Fla. Stat. (2000).[1]
By chronological age, the victim, N.R., is thirty-two years old. Court-appointed psychologists have opined that N.R. has an I.Q. of approximately fifty with childlike verbal abilities and a developmental age of a seven-year-old.
The defendant is a driver of a transportation service who transported N.R. to and from his job as a bagger at a supermarket. N.R. told his mother that when the defendant drove him home, the defendant entered the house and had sexual relations with N.R. N.R. was examined at the rape treatment center and subsequently interviewed by law enforcement personnel, after which the defendant was arrested.
The State filed a notice of intent to rely on hearsay statements of N.R. In doing so, the State proceeded under subsection 90.803(24), Florida Statutes, which provides a hearsay exception for disabled adults.
The State sought to introduce the statements that N.R. made to his mother regarding the encounter with the defendant in the family's home. The State also sought to introduce the statements made by N.R. to Pam Garman, an interviewer at the Children and Special Needs Center of the State Attorney's Office.
The State's notice did not specify whether it will call N.R. to testify at trial. It is reasonably clear that the State wishes to do so, but a preliminary determination will need to be made whether N.R. is competent to testify. See Charles W. Ehrhardt, Florida Evidence §§ 601.1, 603.1 (2d ed. 2002).[2]
The defense opposed the introduction of the hearsay statements. The defense argued that subsection 90.803(24) hearsay exception for disabled adults violates the Confrontation Clause of the United States Constitution. In so doing, the defense relied on the Florida Supreme Court's decision in Conner v. State, 748 So.2d 950 (Fla.1999).
The trial court held the statute unconstitutional as relates to disabled adults and excluded the proffered hearsay statements. The State has petitioned for a writ of certiorari.

II.
The Legislature has enacted a hearsay exception for statements of disabled adults and elderly persons. § 90.803(24), Fla. Stat. This exception allows the admission of statements which describe "any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any other violent act on the declarant elderly person or disabled adult...." Id. § 90.803(24)(a) (emphasis added).
*293 In order for such hearsay statements to be admissible, the elderly person or disabled adult must either (a) testify, or (b) be unavailable as a witness. Id. § 90.803(24)(a)2.a., b. If the declarant is unavailable as a witness, there must be "corroborative evidence of the abuse or offense." Id. § 90.803(24)(a)2.b.
In Conner, the Florida Supreme Court held that the part of this hearsay exception which relates to hearsay statements of elderly persons violated the Confrontation Clause of the United States Constitution, and thus could not be applied in criminal cases. The Conner case involved an unavailable declarant, not a declarant who testified at trial.
The Conner court declined to reach the constitutionality of this hearsay exception as it applies to disabled adults. Conner, 748 So.2d at 960 n. 11. This case now presents that question.

III.
The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him."
Professor Ehrhardt has explained that the relevant case for Confrontation Clause analysis of subsection 90.803(24) is Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Professor Ehrhardt stated:
Rather than focus on the criteria outlined in Ohio v. Roberts, [448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) ] to determine whether a recently adopted hearsay exception complies with the Confrontation Clause, one should look to Idaho v. Wright. Wright is a better guide because it interpreted a statement of a child abuse victim to a pediatrician that was admitted under a state's residual hearsay exception, and because Justice O'Connor established the parameters for determining whether a statement admitted under an exception that is not firmly-rooted has "particularized guarantees of trustworthiness."
Charles W. Ehrhardt, When Children and the Elderly are Victims: Balancing the Rights of the Accused Against Those of the Victim, 55 U. Miami L.Rev. 645, 652 (2001) (footnotes omitted).
In Idaho v. Wright, the United States Supreme Court summarized the test "for determining when incriminating statements admissible under an exception to the hearsay rule also meet the requirements of the Confrontation Clause." 497 U.S. at 814, 110 S.Ct. 3139 (citation omitted). The Court said:
"First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case ..., the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." Second, once a witness is shown to be unavailable, "his statement is admissible only if it bears adequate `indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness."
497 U.S. at 814-15, 110 S.Ct. 3139 (quoting Ohio v. Roberts) (emphasis added).

A.
The first question under Idaho v. Wright is whether the hearsay declarant will testify. Id. at 814, 110 S.Ct. 3139.
*294 If the declarant testifies, then there is no Confrontation Clause issue. Id.; Felder v. State, 767 So.2d 1267 (Fla. 3d DCA 2000). That is so because once the declarant is on the witness stand and subject to examination, the witness can be asked about his or her hearsay statements.
Turning now to subsection 90.803(24), one option is that the disabled adult actually testifies at the trial. Id. § 90.803(24)(a)2.a., Fla. Stat. If N.R. testifies, the statute is clearly constitutional from a Confrontation Clause standpoint. Idaho v. Wright, 497 U.S. at 814, 110 S.Ct. 3139; Felder v. State, 767 So.2d at 1267.[3]

B.
The second possibility is that the hearsay declarant is unavailable to testify. In that situation, the hearsay is admissible if the declarant's "statement ... bears adequate indicia of reliability." Id. at 815, 110 S.Ct. 3139 (citations and internal quotation marks omitted). If the hearsay exception is not firmly rootedand subsection 90.803(24) is notthen there must be "a showing of particularized guarantees of trustworthiness." Id. (citations and internal quotation marks omitted).
Subsection 90.803(24) satisfies the requirements of Idaho v. Wright. Under the statute the trial court must determine that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(24)(a)1., Fla. Stat. The statute contains a nonexclusive list of factors to be considered in assessing reliability:
In making its determination, the court may consider the mental and physical age and maturity of the elderly person or disabled adult, the nature and duration of the abuse or offense, the relationship of the victim to the offender, the reliability of the assertion, the reliability of the elderly person or disabled adult, and any other factor deemed appropriate....
Id.
In addition, case law criteria have been developed. The standards for child hearsay cases are instructive where, as here, the declarant is a mentally disabled adult.
In [State v.] Townsend, [635 So.2d 949 (Fla.1994),] in an effort to ensure the reliability of any statement that would be admissible, we set forth additional factors that may be considered by the court including
the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.
Conner, 748 So.2d at 957-58.
Those criteria are certainly applicable to statements by a mentally disabled adult. Although chronologically thirty-two, N.R. functions at the level of a seven-year-old. He lives at home, is dependent on others *295 for transportation, and is able to work only in a supervised setting.
In Conner, the court expressed concern that the factors identified in subsection 90.803(24) were not tailored for determining the reliability of hearsay statements made by elderly persons. 748 So.2d at 958-59. But see Charles W. Ehrhardt, supra, 55 U. Miami L.Rev. at 654.
Those concerns are not applicable here, because N.R. is, as a practical matter, a child. Certainly the body of law which has developed with respect to the hearsay statements of child victims applies intact (or with little modification) to the situation of a mentally disabled adult.
In Ohio v. Roberts, the Supreme Court said that the public interest in enforcing the law is a factor which weighs in favor of the admission of reliable hearsay of an unavailable declarant: "Significantly, every jurisdiction has a strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings." Ohio v. Roberts, 448 U.S. at 64, 100 S.Ct. 2531 (citations omitted).[4]

IV.
The Conner opinion is being interpreted by the majority and by the Fourth District as having struck down the elderly person hearsay exception in its entirety. State v. Hosty, 835 So.2d 1202 (Fla. 4th DCA 2003); majority opinion at 291 (following Hosty). That is not a correct reading of Conner, and conflicts with Felder v. State, 767 So.2d at 1267.
The facts of the Conner case involved an elderly victim who was unavailable to testify at trial. The elderly victim died before the trial took place. 748 So.2d at 953. The entire discussion in Conner was whether there were sufficient indicia of reliability to allow the elderly victim's hearsay statements to be admitted into evidencegiven that the victim himself was unavailable. In that context, the court held the elderly person hearsay exception unconstitutional.
Under another part of the statute, however, elderly person hearsay is also admissible if the hearsay declarant testifies at trial. If the elderly victim testifies at trial then there is, of course, no Confrontation Clause objection. Idaho v. Wright, 497 U.S. at 814, 110 S.Ct. 3139. This court has already so held. Felder v. State, 767 So.2d at 1267.
It is plain that in speaking as it did, the Conner court only intended to address the issue presentedan unavailable elderly declarantand did not reach a question not before it: the appropriate analysis where the elderly victim actually testifies at trial.

V.
The Legislature pursued an important policy objective in enacting subsection *296 90.803(24). As a result of Conner, however, the force of subsection 90.803(24) has been reduced or eliminated in criminal cases.
There is a straightforward legislative solution to this, one I hope the Legislature will see fit to adopt. The Legislature should consider enacting a residual hearsay exception to Florida's Evidence Code, patterned on Federal Rule of Evidence 807.
Twenty-eight states have already taken this step. Thus, the residual hearsay exception now represents the majority rule in the United Statestwenty-eight states plus the entire federal system. See 6 Weinstein's Federal Evidence, Table of State and Military Adaptions Federal Rules of Evidence, at T-159 through T-162 (Joseph M. McLaughlin, ed., 2d ed.2002).
Adoption of a residual hearsay exception would effectively reenact subsection 90.803(24) in a form likely to withstand facial constitutional challenge. In criminal cases, Confrontation Clause analysis would proceed as outlined in Idaho v. Wright.
The federal residual hearsay exception is now numbered as Federal Rule of Evidence 807.[5] It provides:
RULE 807. RESIDUAL EXCEPTION
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.
In the long run it is likely to be more effective to adopt a widely-accepted residual exception instead of crafting a series of specific statutes aimed at specific groups to be protected.

VI.
For the stated reasons, the order now before us should be quashed. The trial court should proceed to a determination whether the victim is competent to testify, in which case the Confrontation Clause has been satisfied. If the victim is not competent to testify, then the court must proceed to analyze the reliability of the hearsay statements § 90.803(24)(a)1.; Conner, 748 So.2d at 958 (listing factors to be considered), as well as a determination that there is corroborative evidence of the sexual offenses. Id. § 90.803(24)(a)2.b.
NOTES
[1] The alleged crime date was May 22, 2000.
[2] In his interview with Ms. Garman N.R. stated that it is bad to tell a lie and that he had told the truth about the driver having sex with him.
[3] While the State has not made this argument in its petition, it amounts to fundamental error. We cannot countenance the striking down of this part of the statute on a fundamentally flawed analysis.
[4] Although no one has raised the point, N.R.'s statements might be independently admissible under subsection 90.803(23), Florida Statutes, the hearsay exception for child victims. For child hearsay purposes, subsection 90.803(23) defines a child victim as one with a "physical, mental, emotional, or developmental age of 11 or less...." Id. § 90.803(23)(a) (emphasis added). See State v. Green, 667 So.2d 756, 757-58 (Fla.1995) (applying subsection 90.803(23) to mental age of seven); Mathis v. State, 682 So.2d 175, 177 (Fla. 1st DCA 1996) (developmental age less than eleven); State v. Campbell, 664 So.2d 1085, 1086 (Fla. 5th DCA 1995) (mental age of seven or eight). This court has described the statute as applying to children who are eleven years of age or less, E.B. v. State, 733 So.2d 1145 (Fla. 3d DCA 1999), but the case did not involve any issue of mental or developmental age under eleven.

In the present case, N.R. has a mental age of seven. The charged crimes appear to fit the description of "any offense involving an unlawful sexual act ... on the declarant child...." § 90.803(23)(a), Fla. Stat.
[5] This was formerly Federal Rule of Evidence 803(24). It became Rule 807 in 1997. See 5 Weinstein's Federal Evidence, ch. 807, at 807-1.