918 So.2d 350 (2005)
STATE of Florida, Appellant,
v.
Rufus MILLER, Appellee.
No. 1D04-2492.
District Court of Appeal of Florida, First District.
December 12, 2005.
Rehearing Denied January 13, 2006.
*351 Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Janice G. Scott, Assistant Public Defender, Tallahassee, for Appellee.
HAWKES, J.
The State appeals the trial court's order, which granted a new trial based on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As grounds for granting a new trial, the trial court concluded the defendant's right of confrontation was violated by the State's introduction of a witness's prior statement into evidence. Although the witness testified at trial, he claimed he had been hit on the head with a barbell and, consequently, could not remember the basis for his previous statement. Because the witness had a faulty memory, the trial court concluded the defendant lacked the opportunity for meaningful cross-examination. We reverse.
Crawford made clear, that "when a declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford, 124 S.Ct. at 1369 n. 9. "The Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." United States v. Owens, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988) (emphasis in original). We recognize that, under some circumstances, a witness's physical presence in the court room may not be sufficient to meet Confrontation Clause requirements. However, the mere fact that a witness has a faulty memory does not result in a Confrontation Clause violation. See id. The Confrontation Clause is satisfied if the defendant has the opportunity to bring out such matters as a witness's faulty memory. See id.
Here, the witness was present at trial. He testified his prior statement was given under oath, he would have made an effort to accurately tell the truth while giving the statement, and the information contained in the statement would have been fresher in his memory. He further testified he could not remember the basis for his prior statement, because he had subsequently *352 been hit on the head with a barbell. The defendant had an opportunity to cross-examine this witness as to his prior statement and faulty memory.
Since the witness was present at trial and available for cross-examination, the introduction of his prior testimonial statements was permissible, and did not violate Crawford. The trial court's order granting a new trial is REVERSED and the case REMANDED for reinstatement of the jury's verdict.
WOLF and THOMAS, JJ., concur.