933 So.2d 1287 (2006)
STATE of Florida, Petitioner,
v.
Jason PINAULT, Respondent.
No. 4D06-995.
District Court of Appeal of Florida, Fourth District.
August 2, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant *1288 Attorney General, West Palm Beach, for petitioner.
Carey Haughwout, Public Defender, and Margaret Good-Earnest and Barbara Wolfe, Assistant Public Defenders, West Palm Beach, for respondent.
PER CURIAM.
The State of Florida seeks certiorari review of a nonfinal order in a pending criminal prosecution denying admission of child hearsay evidence at the trial of defendant Jason Pinault. We grant the petition.
Pinault is charged with one count of sexual battery on a person less than twelve years of age, by a person eighteen years of age or older. The state has filed notice of its intent to offer child hearsay evidence pursuant to section 90.803(23), Florida Statutes. Defendant moved in limine to exclude the videotaped testimony of the child as hearsay, citing Contreras v. State, 910 So.2d 901 (Fla. 4th DCA 2005), rev. granted, State v. Contreras, 924 So.2d 810 (Fla.2006).
At the hearing, the state indicated that the child victim would be called to testify at trial. The trial court found indicia of trustworthiness and that the child was age eleven at the time of the statement, and initially it ruled that, if the child were to testify, the statement would be admissible pursuant to section 90.803(23). However, the trial court thereafter issued an order denying admissibility of the statement, purporting to follow this court's decision in Contreras explaining that admitting the statement would violate the Confrontation Clause.
In Contreras, this court reversed a conviction based on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which held that admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if (1) the statement was testimonial and (2) the declarant was not available and the accused lacked a prior opportunity for cross-examination. This court concluded that the admission of evidence similar to the videotaped statement at issue here violated the Confrontation Clause of the Sixth Amendment. In that case, the child victim did not testify at the trial, the trial court having found her unavailable based on the opinion of an expert who concluded she would suffer severe emotional and psychological harm if she testified in person.
We quash the trial court's order because Contreras does not apply to a situation in which the declarant testifies at trial, giving the defendant an opportunity to confront and cross-examine the declarant about the hearsay statement. See Crawford, 541 U.S. at 59 n. 9, 124 S.Ct. 1354 ("[W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.") (emphasis added); State v. Miller, 918 So.2d 350 (Fla. 1st DCA 2005) (reversing order granting new trial on theory that defendant's confrontation rights were violated by introduction of witness's prior statement, though he testified at trial but, because of an injury, he could not remember the basis for his prior statement; witness's presence at trial gave defendant an opportunity to question him, which was all that the Confrontation Clause guarantees, and witness's faulty memory did not cause a violation of that clause); Somervell v. State, 883 So.2d 836 (Fla. 5th DCA 2004) (affirming conviction, despite admission of the child victim's videotaped statement given in response to police questioning, because the victim was available to testify, did testify, *1289 and the defendant had a full opportunity to confront and cross-examine him).
In his response, Pinault also contends that the victim's hearsay statement must be excluded because the victim has since recanted, and the state may not call her to testify solely in order to impeach her testimony with a prior inconsistent statement, citing Bowles v. State, 742 So.2d 821 (Fla. 4th DCA 1999). However, that was not the basis for the trial court's exclusion of the statement. Certainly, if it appears at trial that the hearsay statement will be the primary purpose for the state's calling the victim to testify, or that a prior inconsistent statement is sought to be used substantively when it is the only evidence against Pinault, the issue may be raised and ruled on at that time. Nevertheless, at this juncture, the trial court's ruling that the hearsay statement is inadmissible based on the Confrontation Clause represents a departure from the essential requirements of law.
We therefore grant the petition and quash the order on review.
SHAHOOD, TAYLOR and HAZOURI, JJ., concur.