944 So.2d 255 (2006)
STATE of Florida, Appellant,
v.
Brunel HOSTY, Appellee.
State of Florida, Petitioner,
v.
Brunel Hosty, Respondent.
Nos. SC03-511, SC03-512.
Supreme Court of Florida.
November 9, 2006.
Rehearing Denied November 9, 2006.
*256 Charles J. Crist, Jr., Attorney General, Tallahassee, Florida, and Celia A. Terenzio, Bureau Chief, and Richard Valuntas, Assistant Attorney General, West Palm Beach, FL, for Appellant/Petitioner.
Howard Finkelstein, Public Defender and Donald J. Cannarozzi, Assistant Public Defender, Seventeenth Judicial Circuit, Fort Lauderdale, FL, for Appellee/Respondent.
WELLS, J.
We have on appeal a decision of a district court of appeal declaring invalid a state statute and certifying the following question to be of great public importance:
AS IT APPLIES TO A DISABLED ADULT, IS SECTION 90.803(24), FLORIDA STATUTES (2001), VIOLATIVE OF A CRIMINAL DEFENDANT'S *257 RIGHT TO CONFRONT WITNESSES UNDER THE FLORIDA AND UNITED STATES CONSTITUTIONS?
State v. Hosty, 835 So.2d 1202, 1205 (Fla. 4th DCA 2003). We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We re-state the certified question as follows:
AS IT APPLIES TO A MENTALLY DISABLED ADULT WHOSE NONTESTIMONIAL HEARSAY STATEMENT THE TRIAL COURT DETERMINES MEETS CERTAIN QUALIFICATIONS OF RELIABILITY, IS SECTION 90.803(24), FLORIDA STATUTES (2001), VIOLATIVE OF A CRIMINAL DEFENDANT'S RIGHT TO CONFRONT WITNESSES UNDER THE FLORIDA AND UNITED STATES CONSTITUTIONS?[1]
We hold that the statute is constitutional and not in violation of the Confrontation Clause of the United States Constitution[2] as applied to the nontestimonial hearsay statements in this case. We do hold that the testimonial statements made to law enforcement officers are in violation of the Confrontation Clause, and therefore the statute is unconstitutional as applied to those statements.

FACTS
Brunel Hosty was charged with sexual battery on a mentally disabled person in violation of section 794.011(4)(e), Florida Statutes (2001). The following facts were included in the State's notice of intent to introduce the victim's hearsay statements. The victim is a mentally retarded woman with an IQ of fifty-three who cannot perform normal, daily activities such as handling money or utilizing public transportation by herself, although she can assist in household chores and care for her personal hygiene. Although the victim was twenty-three years old at the time of the incident, the State contended that she had the mental capacity of a ten-year-old child. The victim's teacher noticed that the victim was acting withdrawn and lethargic at school on February 24, 1999, prompting her teacher to ask her if something was wrong. The victim told her teacher that the bus driver, the defendant, had sex with her. When her teacher asked her to explain, the victim stated that after the bus driver stopped at a convenience store and bought the victim a soda, the driver took her clothes off and had sex with her. The teacher asked the victim where the defendant had touched her, and the victim pointed to her vagina.
The State filed notice of its intent to use the victim's hearsay statements describing the alleged crime to her teacher and a law enforcement officer under the disabled adult hearsay exception contained in section 90.803(24), Florida Statutes (2001).[3] *258 This exception allows out-of-court statements made by either an elderly person or a disabled adult to be admitted in civil or criminal proceedings if the statements relate to a narrow list of specified crimes, the court makes a determination of reliability, and the declarant either testifies or is unavailable as a witness. The Stated cited the following factors as indicia of the reliability of the victim's statements in this case: (1) the victim's IQ places her in the mild mental retardation range; (2) the sexual abuse lasted no longer than two hours; (3) the defendant was a complete stranger; (4) the statement was made within twenty hours of the incident, was spontaneous, and was not elicited by leading questions; (5) the victim was withdrawn and lethargic at the time she made the statement, demonstrating that she was still emotionally affected by the incident; (6) the language she used was child-like; (7) there was no motive for her to fabricate the events since the defendant was a stranger; (8) there are no indications that she cannot differentiate between reality and fantasy; and (9) on March 8, 1999, in a second statement made to the police, she stated that the defendant bought her a soda, took her clothes off, fondled her breasts, had sex with her on a seat by putting his "private thing" into her, and told her not to tell anyone.
At the hearing on Hosty's motion to strike the State's notice, both Hosty and the State stipulated that the victim is a disabled adult and that she was competent to testify based upon several reports filed by psychologists. In his motion to strike the State's notice, Hosty argued that section 90.803(24) is facially unconstitutional in light of our decision in Conner v. State, 748 So.2d 950 (Fla.1999). In Conner, we held that section 90.803(24) was facially unconstitutional in violation of the Confrontation Clause as applied to elderly adults but expressly declined to reach the constitutionality of the statute as it applied to disabled adults. Id. at 960 n. 11. After the hearing, the trial court granted the motion to strike and declared the statute unconstitutional as applied to disabled adults.
The State filed a petition for certiorari review to the Fourth District Court of Appeal, and the Fourth District denied the petition. State v. Hosty, 835 So.2d 1202, 1203 (Fla. 4th DCA 2003). The Fourth District agreed with the trial court that *259 the provision for disabled adults in section 90.803(24) is facially unconstitutional because it suffers from the same constitutional shortcomings identified in Conner, namely: (1) the exception applies to a broad class of adult declarants; (2) the exception is broadly applicable to a wide variety of crimes and is not restricted to the disabled abuse context; (3) the statutory factors for the court to consider in assessing the reliability of the hearsay statement do not guarantee the reliability of the statement; and (4) the policies for upholding the narrowly drawn child abuse hearsay exception are not present in the broadly defined disabled adult context. Id. at 1204-05. The Fourth District then certified the question presented.

ANALYSIS
We review a district court's decision declaring a state statute unconstitutional under a de novo standard of review. Fla. Dep't of Children & Families v. F.L., 880 So.2d 602, 607 (Fla.2004). Both the Federal and Florida Constitutions provide that an accused has the right to confront the witnesses used against him or her at trial, a right which the Fourth District held was violated in the instant matter. U.S. Const. amend. VI; art. I, § 16, Fla. Const. In interpreting the federal[4] Confrontation Clause, the Supreme Court held that the clause is not violated by the admission of an unavailable witness's hearsay statements provided those statements bear "adequate `indicia of reliability.'" Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Under this analysis, hearsay must either fall under a firmly rooted exception to the hearsay rule or the circumstances in which the statement was made must provide "a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial." Idaho v. Wright, 497 U.S. 805, 821, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The circumstances must be considered "so trustworthy that adversarial testing would add little to its reliability." Id. It is under this framework that we considered the constitutionality of sections 90.803(23) and (24) in Conner, State v. Townsend, 635 So.2d 949 (Fla.1994), and Perez v. State, 536 So.2d 206 (Fla.1988).
Since those decisions, however, the Supreme Court has reconsidered its Confrontation Clause analysis. The decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), overruled the Roberts test as it applied to out-of-court testimonial statements. The Supreme Court provided the following break-down of the appropriate constitutional analyses for nontestimonial and testimonial hearsay:
Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay lawas does Roberts, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of "testimonial." Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.
*260 Crawford, 541 U.S. at 68, 124 S.Ct. 1354 (footnote omitted). Thus, Crawford changes our review of the constitutionality of the statute in the context of testimonial statements. However, in considering the admissibility of nontestimonial hearsay, we may continue to take into account the circumstances indicating the reliability of the statement, in accordance with Roberts.
As stated above, we previously considered the constitutionality of sections 90.803(23) and (24), considering the admissibility of hearsay statements made by children and elderly persons. The Court first considered the constitutionality of section 90.803(23)[5] in Perez. There, the defendant was charged with the lewd assault of a three-year-old child, and the State attempted to admit hearsay statements made by the child victim about the incident to his mother and the investigating officers. Perez, 536 So.2d at 207. Perez argued that section 90.803(23), under which the State sought to admit the child's hearsay statements, was a violation of the Confrontation Clause. Like the statute at issue in the present case, the child hearsay statute requires that a trial court find that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a), Fla. Stat. (2001). The statute further provides that the trial court may consider "the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate." Id. We approved the decision of the lower court holding that section 90.803(23) was constitutional, finding that the statutory requirements ensured that the child's hearsay statements were reliable before they were admitted at trial, in accordance with the requirements of Roberts. Perez, 536 So.2d at 209.
We again considered section 90.803(23) in Townsend. There, a two-year-old child told her mother that she had been sexually abused by her father. We held that the statements from the child to her mother could be admissible, provided that the trial court found on the record that the statements *261 bore the constitutionally required guarantees of reliability. Townsend, 635 So.2d at 957. In addition to those factors listed in the statute, we listed other potential considerations that a trial court should take into account in determining the reliability of the hearsay statements:
[A] consideration of the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation. In sum, as noted by the United States Supreme Court in Wright, a court is to use a totality of the circumstances evaluation in determining reliability.
Id. at 957-58 (citations omitted).
We next considered the constitutionality of section 90.803(24) as it applied to the hearsay statements of elderly persons. In Conner, the defendant was charged with armed burglary of a dwelling, armed robbery, and armed kidnapping of an eighty-four-year-old man who suffered from poor eyesight, hearing loss, and occasional memory lapses. 748 So.2d at 952. The State sought to admit the statements the victim gave to the police after the crime. The victim was unavailable because he died before trial. We held that section 90.803(24) violated the Confrontation Clause of the United States Constitution as it applied to the hearsay statements of elderly persons because the statute's requirements did not ensure the reliability of the statements. Id. at 958. We also held that the statute was not supported by the strong policy interests present in a child abuse context. In addition, we noted that the statute was different from section 90.803(23) because it encompassed a broader category of declarants and the scope of testimony admissible was broader. We declined to address the portion of the statute applicable to hearsay statements of disabled adults, which we now consider.
In our consideration of the present case, we first note that the State is attempting to admit separate statements of the victim: those that she made to her teacher on February 24, 1999, and those made to the law enforcement officer on March 8, 1999. Under Crawford, testimonial hearsay statements may not be admitted unless the party not seeking their admission, in this case Hosty, has a prior opportunity for cross-examination. Although a full definition of "testimonial" was not set out by the Supreme Court, the decision in Crawford did specifically include police interrogations. 541 U.S. at 68, 124 S.Ct. 1354. We thus approve the exclusion of the hearsay statements that the victim made to the law enforcement officer if the victim is unavailable to testify and the defendant has no opportunity for cross-examination of the victim. On the basis of the Supreme Court's decision in Crawford, those statements cannot be admitted because such statements are clearly testimonial.
However, we find that the statements the victim made to her teacher were not testimonial, and so we analyze the statute's constitutionality in permitting those statements under the framework provided in Roberts. First, we note that the mentally disabled adult exception is *262 not a firmly rooted exception to the hearsay rule. As we noted in Conner, section 90.803(24) was enacted in 1995. 748 So.2d at 957. Although, in contrast to the elderly adult hearsay exception, there are several other states that have enacted hearsay exceptions for statements by disabled or dependent adults,[6] these statutes are not so longstanding or so numerous as to qualify this exception as firmly rooted.
Since this statute is not a firmly rooted exception, we apply our analyses of the statutes in Townsend and Conner. We believe that this case presents a situation more analogous to that which we considered in Townsend.
The issues in respect to the mentally disabled are distinguishable from what we struck down in respect to the hearsay statements of elderly adults Conner. In Conner, we held that the concept of an "elderly person" is vague and not capable of being objectively defined and applied. Although the statute provided a reference to a definition of the term,[7] as the majority pointed out in Conner, "any adult over the age of sixty potentially qualifies as an `elderly person' under this definition." 748 So.2d at 958. Mental disability, however, can have an objective basis upon which a trial court can determine that a person is mentally disabled and will apply to a much narrower group of people.[8] Of course, before a witness's hearsay statement may be used, the party seeking to present the statement must establish that a mental disability exists and meets the requirements of section 825.101(4), which will require record development and a trial court determination based upon that record.
Furthermore, we conclude that the purpose of the mentally disabled adult hearsay exception, as applied here, is similar to the purpose of the child hearsay exception as explained in Perez and Townsend. The public policy underlying the child hearsay exception, while not applicable in the elderly context, applies with equal force to mentally disabled adults. The victim in the instant case, for example, has the mental age of a ten-year-old child. She, like most ten-year-old children, may be incapable of understanding the abstract concepts of duty, truth, oath, and lie, and would have tremendous difficulty handling the psychological pressure of cross-examination regarding this traumatizing incident. This hearsay exception is intended to protect mentally disabled victims like her. Like children's hearsay statements, mentally disabled adults' hearsay statements shortly after the alleged criminal incident would likely be more reliable than their in-court testimony many months or years later, due to both their diminished cognitive abilities and their highly fragile emotional states. Both children and mentally disabled adults are similarly affected by "the stress and trauma of rehashing bad memories, hostile attacks on the[ir] credibility, [and] facing the alleged perpetrator *263 again." Dep't of Health & Rehab. Servs. v. M.B., 701 So.2d 1155, 1158 n. 4 (Fla.1997). Furthermore, the defendant's interests will be protected, for the trial court will have the opportunity to determine whether the hearsay statement was reliable, trustworthy, and corroborated by other evidence.
The most important distinction between the instant matter and Conner is that we find that the reliability factors applied in Townsend can be applied in situations involving a mentally disabled declarant. In Conner, we explicitly held that "unlike the child hearsay context, we are unable to formulate a list of permissible considerations that would ensure the reliability of a hearsay statement made by an elderly adult to the extent that `adversarial testing would add little to its reliability.'" 748 So.2d at 958-59 (quoting Wright, 497 U.S. at 818, 110 S.Ct. 3139). In the mentally disabled adult context, we find that we are able to formulate this list and herein adopt a list similar to that set out in Townsend. A trial court faced with the decision of whether to admit hearsay statements of mentally disabled adults will need to consider the factors we set out here, in addition to those set out by the statute, before the statements may be admitted. These factors include: (1) the spontaneity of the statement; (2) how the statement was elicited; (3) the mental state of the declarant when the abuse was reported; (4) how the declarant described the act; (5) whether the declarant used terminology unexpected of a similarly situated mentally disabled adult; (6) the motive or lack thereof to fabricate the statement; (7) the ability of the declarant to distinguish between reality and fantasy; (8) the vagueness of the accusations; (9) the possibility of any improper influence on the declarant; and (10) any contradictions in the accusation.
For these reasons, we find that the disabled adult hearsay exception as applied to statements of mentally disabled adults is distinguishable from the elderly adult hearsay exception struck down in Conner and similar to the child hearsay exception upheld in Townsend and Perez. We thus hold that section 90.803(24) is constitutional as applied to this case.
The Fourth District held that section 90.803(24) was facially unconstitutional. However, we have held that "a determination that a statute is facially unconstitutional means that no set of circumstances exists under which the statute would be valid." Fla. Dep't of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005). Because we find that the instant case presents a set of circumstances under which the statute is valid, we considered the issue of as-applied constitutionality rather than the facial constitutionality issue. We reverse the decision of the Fourth District Court of Appeal as that decision relates to a mentally disabled adult in respect to the statements made to the victim's teacher. Those statements are admissible provided that the State establishes a proper factual predicate, as explained above, and that the witness either testifies or is unavailable in accordance with the statute. The trial court must "place on the record specific findings indicating the basis for determining the reliability of [the declarant's] statements introduced as hearsay under" section 90.803(24). Townsend, 635 So.2d at 957.
We limit the analysis in this decision to mentally disabled adults since that is the material assertion in this case. We do not reach the issue of whether this statute is constitutional as applied to physically disabled adults who have no mental impairment.
*264 We answer the rephrased certified question in the negative. We direct that the case be remanded to the trial court for its consideration of this case in light of this Court's opinion.
It is so ordered.
LEWIS, C.J., and CANTERO and BELL, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
QUINCE, J., dissents with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., concurring in part and dissenting in part.
I concur in the Court's determination that the hearsay exception for statements by mentally disabled adults does not suffer the same defects that led us to invalidate the exception as applied to statements by elderly persons in Conner v. State, 748 So.2d 950 (Fla.1999). When applied to mentally disabled adults, section 90.803(24) is narrower than when it is applied to elderly persons. We noted in Conner that "any adult over the age of sixty potentially qualifies as an `elderly person'" under the statutory definition. 748 So.2d at 958. The breadth of this definition was one factor in our decision declaring the provision unconstitutional as applied to elderly declarants.
In contrast, the term "disabled adult," incorporated from section 825.101(4), Florida Statutes (2005), into section 90.803(24), when narrowed to mental disability encompasses any adult "who suffers from a condition of . . . mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more . . . mental limitations that restrict the person's ability to perform the normal activities of daily living." The declarant in this case is mentally retarded. If in another case the State relies on a declarant's physical disability or tests the breadth of the definition of mentally disabled adult by introducing the statement of a clinically depressed individual (as in Justice Quince's hypothetical), an as-applied challenge is not foreclosed by the Court's decision in this case.
I dissent in part, however, because in my view it is premature to go further at this time and determine whether the statements to either the teacher or the police officer are admissible. Significantly, unlike Conner, the alleged victim in this case may yet testify at trial and be subject to cross-examination on her prior statements, which would satisfy the Confrontation Clause. Therefore, the constitutionality of the hearsay exception for statements by mentally disabled adults is not ripe for review. I would remand for the trial court to apply the criteria of section 90.803(24), including the different requirements for statements by testifying and unavailable declarants, before addressing the provision's constitutionality.
Section 90.803(24) authorizes the admission of hearsay by both testifying and unavailable declarants. In this case, the trial court ruled the hearsay exception for statements by disabled adults unconstitutional in a pretrial hearing, and the State sought certiorari, staying the trial. The parties stipulated below that the victim was competent to testify at trial. There has been no finding that she is unavailable as a witness as defined by section 90.803(24)(a)(2)(b),[9] and the majority implicitly *265 acknowledges that she may testify. Nonetheless, the majority states that the alleged victim "may be incapable of understanding the abstract concepts of duty, truth, oath, and lie, and would have tremendous difficulty handling the psychological pressure of cross-examination regarding this traumatizing incident." Majority op. at 262. An incompetent witness is unavailable under both our rules of evidence and the Confrontation Clause. See State v. Townsend, 635 So.2d 949, 956 (Fla.1994). However, if the declarant is competent, as is stipulated in this case, the unavailability necessary to justify a denial of the Sixth Amendment right to confrontation must flow from the trauma of being in the defendant's presence, not from courtroom trauma generally. See Maryland v. Craig, 497 U.S. 836, 856, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) ("[I]f the state interest were merely the interest in protecting the child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary because the child could be permitted to testify in less intimidating surroundings, albeit with the defendant present.").[10] Thus, the "substantial likelihood of severe emotional, mental, or physical harm" that can make a declarant unavailable under section 90.804(24) is not synonymous with unavailability under the Confrontation Clause.
At this point, we need not speculate whether the alleged victim will be unavailable for purposes of either section 90.803(24) or the Confrontation Clause. Admission of a witness's prior statements does not violate the Confrontation Clause when the declarant testifies at trial, regardless of whether the statements are testimonial in nature. See Crawford v. Washington, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); California v. Green, 399 U.S. 149, 159, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) ("[T]he inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial.").
Assuming the victim is unavailable to testify, the next question would be whether the statements are testimonial hearsay or nontestimonial, a distinction first made in Crawford. Although clearly the statements by the victim to the police officer are testimonial, I cannot be as certain as the majority that the statements to the teacher are nontestimonial hearsay. Admissibility of nontestimonial hearsay is determined under Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), rather than Crawford.
As the majority notes, the Supreme Court in Crawford did not set out a comprehensive test to distinguish testimonial and nontestimonial hearsay. At this point two years after Crawford, the boundaries *266 are still being developed. For example, in its recent decision in State v. Shafer, 156 Wash.2d 381, 128 P.3d 87 (2006), the Washington Supreme Court held that the statements of a three-year-old rape victim to her mother and a family friend were nontestimonial because the witnesses to the statements were not acting on behalf of law enforcement and the declarant had no reason to believe the statements would be used in court. Id. at 92. However, a dissenting justice stated that he would find a statement testimonial if it provided the functional equivalent of uncross-examined, in-court testimony and if it was offered to prove the truth of the matter asserted. Id. at 96-98 (Sanders, J., dissenting). Even more recently, the United States Supreme Court concluded that a victim's statements in response to a 911 operator's questions were not testimonial because they were made to enable police assistance in an ongoing emergency rather than in anticipation of trial, but a domestic battery victim's statements in an affidavit given to a police officer when there was no emergency in progress were testimonial. Davis v. Washington, ___ U.S. ___, ___ _ ___, 126 S.Ct. 2266, 2276-79, 165 L.Ed.2d 224 (2006).
Because the victim's availability for cross-examination may obviate any Confrontation Clause problem in this case, I would not yet determine the admissibility of the statements under Crawford or Roberts. This determination should be made only when necessary and then on a case-by-case basis. In assessing whether a statement is testimonial, pertinent factors include whether a declarant would reasonably expect the statement to be used in a police investigation or judicial proceedings, whether an exigency existed when the statement was made, whether the declarant was responding to questioning, and whether the witness to the statement was acting on behalf of law enforcement. See Davis, 126 S.Ct. at 2277; Shafer, 128 P.3d at 89; but see John F. Yetter, Wrestling with Crawford v. Washington and the New Constitutional Law of Confrontation, Fla. B.J., Oct. 2004 at 26, 29 (stating that many testimonial statements are not made with expectation of subsequent use in court proceedings, "particularly those made by children who have not the slightest glimmer of later evidentiary use"). Another possible consideration is whether the witness had a duty to report the contents of the statement to a law enforcement agency (as did the teacher in this case).[11]
Crawford was decided after both the circuit and district courts in this case ruled the mentally disabled adult hearsay exception facially unconstitutional. The admissibility of the hearsay statements should be reassessed by the trial court in light of our rejection of the claim that the exception is invalid under the reasoning of Conner. Accordingly, I would (1) decline to answer the rephrased certified question, which does not take into account the open question of the hearsay declarant's availability for trial; (2) reverse the Fourth District decision holding the disabled adult hearsay exception facially unconstitutional; and (3) direct the Fourth District to reverse the trial court order declaring the exception unconstitutional and direct the trial court to determine admissibility under section 90.803(24) before determining whether use of the statements at trial is constitutional under Crawford, Roberts, and our opinion herein. I would also encourage the trial court, if it again reaches the constitutional question, to make specific *267 findings to support its conclusions, thereby facilitating appellate review of its ruling on what is currently an unsettled area of the law.
QUINCE, J., dissenting.
I must dissent from the majority's determination that the disabled adult hearsay exception contained in section 90.803(24), Florida Statutes (2001), is valid. I would strike the entire statute based on our reasoning in Conner v. State, 748 So.2d 950 (Fla.1999). However, even as applied to the defendant under the circumstances of the instant case, I find the statute to be violative of the defendant's constitutional right to confront witnesses under both the Sixth and Fourteenth Amendments to the U.S. Constitution and article I, section 16 of the Florida Constitution.
It is evident that Florida's disabled adult hearsay exception is nearly identical to the elderly hearsay exception that we struck down in Conner. Both of these exceptions are contained within the same statute and share the same statutory elements, save the definitions of an elderly person and a disabled adult. Like the elderly hearsay exception struck down in Conner, the class of declarants that the disabled adult hearsay exception covers is overly broad. As provided in the statute, a "disabled adult" includes any person "18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living." § 825.101(4), Fla. Stat. (2001) (emphasis added). While it is clear that this definition includes individuals with limited mental capacity like the victim in this case, it would also include a nuclear physicist in a wheelchair or a person who is clinically depressed. Moreover, it is unclear if the statute requires the limitation to be ongoing or if someone who has a temporary disability, such as a broken leg, would also meet the statutory definition. Clearly, such persons can understand abstract concepts of duty, truth, oath, and lie and would experience little difficulty with cross-examination. Furthermore, it cannot be said that such persons' hearsay statements would be more reliable than their in-court testimony. Thus, while the majority's logic works for mentally disabled adults like the unfortunate victim in this case, it does not apply for the broad class of "disabled adults" covered by section 90.803(24). The majority deftly sidesteps this problem by rewording the certified question to address only the statute's application to mentally disabled adults, leaving its broad application to physically disabled adults unanswered.
However, even under the majority's rewording of the certified question to address only the hearsay statements of mentally disabled adults, the statute is still applicable to a much broader range of offenses than those offenses covered by the child abuse exception upheld in State v. Townsend, 635 So.2d 949 (Fla.1994), and Perez v. State, 536 So.2d 206 (Fla.1988).[12] As provided in section 90.803(24)(a), hearsay statements describing acts of abuse or neglect, exploitation, battery, aggravated battery, assault, aggravated assault, sexual battery, or any violent act are admissible if the other statutory requirements are met. Thus, just as it was problematic in Conner, the majority's mentally disabled adult hearsay exception "would be broadly applicable *268 to a wide variety of crimes and is not restricted to the [disabled adult] abuse context." 748 So.2d at 958. The scope of the section 90.803(24)'s application was cited by this Court as one of the critical differences from the child sexual abuse exception that caused us to strike down the elderly hearsay exception in Conner. 748 So.2d at 959-60.
Other states that provide hearsay exceptions for statements by disabled or dependent adults have more narrowly and clearly defined who qualifies as a disabled adult. See 720 Ill. Comp. Stat. 5/2-10.1 (2004) (defining "severely or profoundly mentally retarded person" as "a person whose intelligence quotient does not exceed 55 and who suffers from significant mental illness to the extent that the person's ability to exercise rational judgment is impaired" or as "a person whose intelligence quotient does not exceed 40"); Or. Rev.Stat. § 40.460(18a)(d) (2005) (defining developmental disability as "any disability attributable to mental retardation, autism, cerebral palsy, epilepsy or other disabling neurological condition that requires training or support similar to that required by persons with mental retardation," provided that the disability: (1) originated before age twenty-two, or before age eighteen if mental retardation is expected to continue indefinitely, and "constitutes a substantial handicap to the ability of the person to function in society" or (2) results "in a significant subaverage general intellectual functioning with concurrent deficits in adaptive behavior that are manifested during the developmental period"); S.D. Codified Laws § 27B-1-18 (2004) (defining "developmental disability" as any severe, chronic disability that is attributable to a mental or physical impairment, or both, is manifested before age twenty-two, is likely to continue indefinitely, results in substantial impairment in at least three areas of major life activity,[13] and reflects the person's need for an array of services);. In addition, these statutes narrowly limit the scope of the crimes to which the exception is applicable. The South Dakota hearsay exception is applicable to acts of sexual contact or rape on the declarant and acts of physical abuse or neglect on the declarant or on another child which is observed by the declarant. See S.D. Codified Laws § 19-16-38 (2004). The Illinois hearsay exception is applicable to certain offenses enumerated in the statute, including sexual assault and abuse, kidnapping, prostitution, pornography, exploitation of a child, assault, battery, and child abduction. 720 Ill. Comp. Stat. 5/2-10.1. A similar California hearsay exception is limited in scope to physical abuse. Cal. Evid.Code § 1380 (West 1995).
I find none of the reasons offered by the majority for distinguishing the disabled adult hearsay exception from the elderly hearsay exception to be persuasive. The disabled adult hearsay exception is nearly identical to the elderly hearsay exception that we struck down in Conner and much broader than the child abuse hearsay exception that we upheld in Townsend and Perez. I would strike down the statute as facially unconstitutional on this basis.
However, even under the majority's as-applied analysis, I would not find the statute constitutional in this case. The majority recognizes that the United States Supreme Court has changed the standard for analyzing the admissibility of testimonial hearsay that implicates a defendant's Confrontation Clause rights. Majority op. at 259-60. Under the Supreme Court's recent *269 decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), where testimonial out-of-court statements are at issue, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id. at 68, 124 S.Ct. 1354. Crawford did not adopt a precise definition of the term "testimonial." Id. The Supreme Court, however, did provide some guidance, holding that, at a minimum, statements are testimonial if the declarant made them at a "preliminary hearing, before a grand jury, or at a former trial; and [in] police interrogations." Id. Beyond this explicit guidance, the Supreme Court discussed three formulations of statements that might qualify as testimonial, namely: (1) "ex parte in-court testimony or its functional equivalentthat is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 51-52, 124 S.Ct. 1354 (citations omitted) (quoting attorneys' briefs and White v. Illinois, 502 U.S. 346, 365, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (Thomas, J., concurring in part and concurring in the judgment)). The exact parameters of what constitutes a testimonial statement are still evolving. See Davis v. Washington, 126 S.Ct. 2266, 2273-74, 165 L.Ed.2d 224 (2006) (explaining that statements in response to police interrogation are nontestimonial when primary purpose is to enable police assistance to meet ongoing emergency, but are testimonial when primary purpose is to establish or prove past events potentially relevant to later criminal prosecution).
I agree with the majority that the statements that the victim in this case made to the law enforcement officer were testimonial and thus not admissible under section 90.803(24). Majority op. at 261-62. However, I cannot agree that the victim's statements to her teacher were not testimonial. As Justice Pariente points out in her concurring in part, dissenting in part opinion, Florida teachers are legally obligated to report to law enforcement agencies any crimes occurring when students are under the jurisdiction of the district school board. Concurring in part, dissenting in part op. at 266, note 11; see also § 1006.13(1), (3) Fla. Stat. (2005) (requiring school boards to adopt a policy for the reporting of crimes "occurring whenever and wherever students are under the jurisdiction of the district school board"; requiring school boards to enter into agreements with local law enforcement agencies for reporting crimes; charging school principals with ensuring that school personnel are aware of their responsibility to report crimes). The crime in question took place while the victim was riding a school bus that the defendant was driving. Thus, the victim was clearly "under the jurisdiction of the district school board" when the crime took place. While the victim may not have had an expectation that her statements to her teacher would be used in legal proceedings, section 1006.13(3) clearly required the reporting of the crime to a law enforcement agency. In light of this statutory obligation, I conclude that the statement was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Crawford, 541 U.S. at 52, 124 S.Ct. 1354. *270 Further, the victim's statements to her teacher are "an obvious substitute for live testimony, because they do precisely what a witness does on direct examination; they are inherently testimonial." Davis v. Washington, 126 S.Ct. at 2278.
Under the circumstances of this case, I conclude that the admission of either of the victim's statements under section 90.803(24) would violate the defendant's right to confront witnesses under both the Sixth and Fourteenth Amendments to the U.S. Constitution and article I, section 16 of the Florida Constitution. If on remand the victim testifies at trial and is subject to cross-examination, then "the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements." Id. at 60 n. 9, 124 S.Ct. 1354.
For the reasons stated above, I must dissent from the majority opinion.
ANSTEAD, J., concurs.
NOTES
[1] We rewrite the certified question because this case involves a mentally disabled adult, and we do not address the statute's constitutionality as applied to a physically disabled adult.
[2] U.S. Const. amend. VI.
[3] Section 90.803(24) states as follows:

(24) HEARSAY EXCEPTION; STATEMENT OF ELDERLY PERSON OR DISABLED ADULT.
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by an elderly person or disabled adult, as defined in s. 825.101, describing any act of abuse or neglect, any act of exploitation, the offense of battery or aggravated battery or assault or aggravated assault or sexual battery, or any other violent act on the declarant elderly person or disabled adult, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the elderly person or disabled adult, the nature and duration of the abuse or offense, the relationship of the victim to the offender, the reliability of the assertion, the reliability of the elderly person or disabled adult, and any other factor deemed appropriate; and
2. The elderly person or disabled adult either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the elderly person's or disabled adult's participation in the trial or proceeding would result in a substantial likelihood of severe emotional, mental, or physical harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before the trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the elderly person's or disabled adult's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
[4] We have stated that, after "[n]oting the similarities between the confrontation clauses of the federal and Florida constitutions, we perceive no reason to interpret article I, section 16, of the Florida Constitution any differently than its federal counterpart in regard to this issue." Perez v. State, 536 So.2d 206, 209 n. 4 (Fla.1988).
[5] Section 90.803(23), Florida Statutes (2001), is nearly identical to section 90.803(24) and provides, in part:

(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
[6] See Cal. Evid.Code § 1380 (West 2004); 725 Ill. Comp. Stat. 5/115-10 (2004); Or.Rev.Stat. § 40.460(18a) (2005); S.D. Codified Laws § 19-16-38 (Supp.2005).
[7] Section 825.101(5), Florida Statutes (2001), defines an "elderly person" as "a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired."
[8] Section 825.101(4), Florida Statutes (2001), defines a disabled adult as "a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living."
[9] "Unavailability shall include a finding by the court that the elderly person's or disabled adult's participation in the trial or proceeding would result in a substantial likelihood of severe emotional, mental, or physical harm, in addition to findings pursuant to s. 90.804(1)."
[10] Craig involved testimony by closed-circuit television, outside the presence of the defendant. The Court subsequently limited Craig and held that in determining the admissibility of an out-of-court statement by a nontestifying witness, availability analysis is necessary only when the statement was made in the course of a prior judicial proceeding. White v. Illinois, 502 U.S. 346, 354, 358, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). However, Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), subsequently made unavailability a Sixth Amendment requirement for admission of all testimonial hearsay. See id. at 68, 124 S.Ct. 1354 ("Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.").
[11] In Florida, teachers are legally obligated to report crimes committed whenever students are under the jurisdiction of the district school board. See § 1006.13(1), (3), Fla. Stat. (2005).
[12] Both Townsend and Perez involved the hearsay exception for statements of a child victim of sexual abuse or a sexual offense against a child contained in section 90.803(23) of the Florida Statutes.
[13] These areas of major life activity are "self-care, receptive and expressive language, learning, mobility, self-direction, capacity for independent living, and economic self-sufficiency." See S.D. Codified Laws § 27B-1-18 (2004).