979 So.2d 430 (2008)
The STATE of Florida, Appellant,
v.
Daniel BROCCA, Appellee.
No. 3D02-2652.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Bill McCollum, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellant.
Richard G. Dunberg, South Miami, for appellee.
Before GERSTEN, C.J., and COPE and CORTIÑAS, JJ.

ON REMAND FROM THE FLORIDA SUPREME COURT
GERSTEN, C.J.
This case is before us on remand from the Florida Supreme Court, which quashed this Court's opinion in State v. Brocca, 842 So.2d 291 (Fla. 3d DCA 2003), and remanded for reconsideration in light of State v. Hosty, 944 So.2d 255 (Fla.2006). We reverse.

I. Background on Brocca and Hosty
The State charged Daniel Brocca ("Brocca") with sexual battery of a thirty-two-year-old, mentally disabled adult after the victim told his mother about the incident, and she reported it to the police. The State filed its notice of intent to introduce the statements the victim made to his mother and to an interviewer at the Children and Special Needs Center of the State Attorney's office ("State Attorney interviewer"). The State sought to introduce the statements under section 90.803(24), Florida Statutes (2001), which provides a hearsay exception for out-of-court statements of a disabled adult under certain circumstances.
In Hosty, the Florida Supreme Court dealt with a remarkably similar situation. Hosty was charged with sexual battery of *432 a mentally disabled person. The victim had described the assault to her teacher and a law enforcement officer, and the State sought to introduce the statements under section 90.803(24). 944 So.2d at 258-59.
In both this case and Hosty, the trial courts determined that section 90.803(24) was unconstitutional. Both this Court and the Fourth District certified the question of the statute's constitutionality to the Florida Supreme Court. In Hosty, the Florida Supreme Court held the statute unconstitutional as applied to testimonial hearsay, but not as applied to nontestimonial hearsay. The Florida Supreme Court's ruling conformed to the United States Supreme Court's changes in confrontation law.

II. Changes in Confrontation Law

A. Crawford v. Washington
In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court found that the constitutional protection provided to defendants under its prior decision in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), was insufficient in the context of testimonial statements. The Court stated:
Where nontestimonial testimony is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law  as does Roberts, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.
Crawford, 541 U.S. at 68, 124 S.Ct. 1354. Thus, the Court held that the admission of testimonial hearsay complies with the Confrontation Clause only if the declarant testifies at trial, or is unavailable and the accused had a prior opportunity for cross-examination.
Therefore, the first step is to determine whether a statement should be classified as testimonial or nontestimonial. The Crawford court explicitly declined to define "testimonial" statements. Instead, the Court stated: "We leave for another day any effort to spell out a comprehensive definition of `testimonial.' Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." 541 U.S. at 68, 124 S.Ct. 1354 (footnote omitted).
Because the Court did not define "testimonial," thereafter courts across the nation struggled with the application of Crawford. See, e.g., Commonwealth v. Gonsalves, 445 Mass. 1, 833 N.E.2d 549 (2005) (holding a victim's out-of-court statement to police officer per se testimonial, but those made to her mother nontestimonial); State v. Hembertt, 269 Neb. 840, 696 N.W.2d 473 (2005) (finding a domestic violence victim's statements to police officers nontestimonial because made to assist in securing the scene and apprehending the suspect); State v. Maclin, 183 S.W.3d 335 (Tenn.2006) (rejecting an automatic hearsay exception for all excited utterances, and finding statements given to police in one case testimonial, and in another nontestimonial).

B. Davis v. Washington

In the context of police interrogations, the United States Supreme Court subsequently provided further guidance in Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Davis involved two consolidated domestic violence cases, Davis v. Washington and Hammon v. Indiana. In Davis, the victim made statements in response to a 911 operator's questioning. In Hammon, the *433 victim gave written statements in an affidavit to a police officer. The issue, of course, was whether the statements were nontestimonial or testimonial, and whether admitting them violated the Confrontation Clause.
The Court explained the difference between testimonial and nontestimonial statements that arise from police interrogations:
Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
547 U.S. at 822, 126 S.Ct. 2266 (footnote omitted) (emphasis added).
Under this "primary purpose" analysis, the Court found the 911 statements in Davis admissible because the interrogation took place while the events were actually happening to meet an ongoing emergency. In contrast, the Court found the affidavit statements in Hammon inadmissible because they described past conduct, and were obtained while the police officer was investigating a completed crime rather than an ongoing emergency.

C. Other Caselaw on Ascertaining "Testimonial" Statements
In Hosty, the Florida Supreme Court found that the statements made to the police officer were testimonial because Crawford specifically included "police interrogations" in its limited list of statements that clearly apply. The Court found the statements made to the teacher to be nontestimonial. Hosty, 944 So.2d at 261.
Recently, the Florida Supreme Court found a victim's statements, to his friend and co-worker made immediately after being shot, nontestimonial. Franklin v. State, 965 So.2d 79 (Fla.2007). In Franklin, the Court considered the relationship between the declarant and the witness, and the spontaneity and purpose of the statements.
Other courts have considered similar factors in determining when statements made to persons who are not government agents are nontestimonial. See, e.g., State v. Slater, 285 Conn. 162, 939 A.2d 1105, 1111 (2008) (focusing on reasonable expectation of the declarant that, under the circumstances, her words later could be used for prosecutorial purposes); State v. Shafer, 156 Wash.2d 381, 128 P.3d 87, 92 (2006) (taking into account that statement was made in response to natural questioning of a concerned parent); State v. Miller, 95 Conn.App. 362, 896 A.2d 844, 859 (2006) (considering that the statement was made to a friend in an unofficial setting).
After determining whether the statement is testimonial or nontestimonial, the second step is deciding whether admission of the statement is constitutional under the Confrontation Clause. Pursuant to Crawford, admitting testimonial statements violates a defendant's right to confront his or her accuser, unless (1) the declarant testifies at trial or (2) is found to be unavailable, and the accused had an opportunity for cross-examination. 541 U.S. at 68, 124 S.Ct. 1354. If the declarant testifies at trial, there is no confrontation problem. Crawford, 541 U.S. at 59 n. 9, 124 S.Ct. 1354; see also State v. Pinault, 933 So.2d 1287 (Fla. 4th DCA 2006).
With regard to nontestimonial statements, Crawford left each state to determine their admissibility. 541 U.S. at 68, 124 S.Ct. 1354. In Hosty, the Florida Supreme Court used a traditional hearsay *434 analysis for a victim's nontestimonial statement to her teacher. 944 So.2d at 260. Under such an analysis, "hearsay must either fall under a firmly rooted exception to the hearsay rule" or "[t]he circumstances must be considered `so trustworthy that adversarial testing would add little to its reliability.'" 944 So.2d at 259 (citing Idaho v. Wright, 497 U.S. 805, 821, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)).
The Florida Supreme Court first determined that the mentally disabled adult hearsay exception was not a firmly rooted exception to the hearsay rule. Hosty, 944 So.2d at 262. The Florida Supreme Court then found that the same reliability factors applied in child hearsay exception cases can also be applied in mentally disabled declarant cases. The Florida Supreme Court stated that, in addition to factors set out in the statute, in determining whether to admit hearsay statements of a mentally disabled declarant, the courts should consider:
(1) the spontaneity of the statement; (2) how the statement was elicited; (3) the mental state of the declarant when the abuse was reported; (4) how the declarant described the act; (5) whether the declarant used terminology unexpected of a similarly situated mentally disabled adult; (6) the motive or lack thereof to fabricate the statement; (7) the ability of the declarant to distinguish between reality and fantasy; (8) the vagueness of the accusations; (9) the possibility of any improper influence on the declarant; and (10) any contradictions in the accusation.
944 So.2d at 263.
The Court concluded that the statements the victim made to her teacher were admissible under section 90.803(24). However, the State must establish a proper predicate, and the witness must either testify or be found unavailable in accordance with the statute. 944 So.2d at 263.

III. Applying Confrontation Law to Brocca
In the present case, we must examine the victim's statements under Crawford and Davis to first determine whether they are testimonial or nontestimonial. Then, applying Crawford, Davis, and Hosty, we must decide whether the statements are admissible.
Turning first to the statements the victim made to his mother, we conclude that they are nontestimonial. The statements were not made to a government agent or under police interrogation. The private conversation between the victim and his mother arose naturally under the circumstances. The victim's statements to the mother, therefore, must be evaluated under the hearsay analysis stated in Hosty.
As stated in Hosty, the State must establish a proper factual predicate, and the witness must either testify or be determined to be unavailable under the statute. § 90.803(24)(a), Fla. Stat. (2007). The trial court must also make specific findings on the record indicating the basis for determining the reliability of the victim's statement to his mother. Hosty, 944 So.2d at 263.
Turning next to the victim's statements to the State Attorney interviewer, we conclude that these statements are testimonial because: (1) they were made to a government agent; (2) while there was no ongoing emergency; and (3) the primary purpose of the interrogation was to establish or prove past events in connection with the criminal prosecution. Admission of the victim's statements to the State Attorney interviewer, therefore, would violate the defendant's right to confront his accuser, unless the victim (1) testifies at trial, or (2) is determined to be unavailable, and the accused has an opportunity for cross-examination.
*435 Here, the State's notice of intent to rely on the hearsay statements to the State Attorney interviewer does not specify whether it intends to call the victim as a witness. On remand, therefore, the trial court must determine whether the victim will testify. If the victim testifies, unavailability is not an issue. If the trial court determines that the victim is unavailable, before these statements may be admitted at trial, Brocca must have an opportunity to cross-examine the victim.
Accordingly, based on Hosty, we reverse the trial court's order finding that section 90.803(24) is unconstitutional. We remand to the trial court to conduct appropriate inquiries as to the admissibility of the victim's statements consistent with this opinion.
Reversed and remanded.